OSCAR WATKINS

*v.*

STATE OF ILLINOIS.

*Opinion filed March 3, 1919.*

RESPONDEAT SUPERIOR—*doctrine not applicable to the State.* The doctrine of *respondeat superior* is not applicable to the State, and the State is not liable for injuries sustained by its employees while in the discharge of their duty.

GOVERNMENTAL FUNCTION—*University of Illinois.* The University of Illinois is a branch of the State Government, exercising governmental functions and no liability attaches to the State on account of the negligence of the authorities of the University, its agents or employees.

Edward J. Brundage, Attorney General, for State.

Made at the request of Governor Lowden.

We find from the evidence in this case, that Oscar Watkins, the plaintiff was employed as a member of the faculty of the University of Illinois, continuously, from 1906 until 1916. He was a chemist by profession and was employed by the Department of Horticulture. His work consisted of teaching and also conducting experiments in orchards and other field work, of examining, reporting on and advising concerning the methods of spraying used in private orchards throughout the State. In this occupation it became necessary for him to use mixtures containing various poisonous substances, including arsenic, lead, parisgreen, bordeaux mixtures, etc. In his line of duty and experimental work Mr. Watkins applied these sprays personally, sometimes with a hand sprayer and sometimes with a power sprayer. He handled the rod from which the sprays were delivered to the trees and vegetables, this, sometimes in the form of dry powders and sometimes in liquid form, and in his work, altogether carefully done, he frequently became covered with these sprays, liquid or dry, and from these he absorbed poisons which destroyed his health and compelled him to give up his position, since which time he has been in such a condition of health that his earning power is destroyed and he is unable to work at his profession or in any other way. He has employed and consulted many eminent physicians in his attempt to be cured of his ailment, and from the evidence in the case we are satisfied that he is suffering from lead poisoning and that his ailment is incurable. He is not only incapacitated from work but requires constant care from others.

During the time he was employed by the University he drew a salary of twenty-four hundred dollars per year. He has a wife and two children, a boy six years of age and a girl four years of age. Mr.

—6 C C

Watkins and his family were entirely dependent upon his earnings and now have no means of support whatever. He has expended practically all of his savings for physicians' services and living expenses of his family since he was stricken with illness.

It appears from the evidence that he was a highly trained expert in his line of work and that while performing his duty and while employed by the State University of Illinois, he became the victim of lead poisoning as a direct result of the use of such poisons in his occupation, which has totally destroyed his earning capacity.

From these facts we find as follows:

*First*—That the University of Illinois is a branch of the State Government, exercising governmental functions and no liability could attach to the State on account of any negligence of the authorities of the University, its agents or employees.

*Second*—We find that Mr. Watkins, the claimant, lost his health and his earning capacity through injuries received during and by virtue of his occupation as an employee of the University aforesaid; and that if employees of the University were protected by the Employers' Liability Act, he would be entitled to compensation thereunder for total disability.

*Third*—We find that the authorities of the University committed no act of negligence which resulted in the illness or injury of the plaintiff.

*Fourth*—We believe that an appropriation of seven thousand five hundred dollars in this case for the relief of Mr. Watkins would be just and proper, notwithstanding the fact that we feel the State is under no legal obligation to make a payment for damages.